**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.:

RACHEL LEE,

      Plaintiff,

v.

SWIFT BEEF COMPANY,

      Defendant.

_____

**COMPLAINT AND JURY DEMAND**
_____

      Plaintiff Rachel Lee, by and through undersigned counsel, brings this Complaint and Jury Demand against Defendant Swift Beef Company and states as follows:

**NATURE OF ACTION**

      Plaintiff Rachel Lee ("Lee" or "Plaintiff") loyally served as a Beef Transportation Analyst while employed by Defendant Swift Beef Company ("Swift" or "Defendant"). Plaintiff brings this action for damages resulting from Swift's interference with Lee's rights in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq. Plaintiff also brings this action for damages against Swift as a result of Swift's discrimination and retaliation against Plaintiff because of her pregnancy in violation of Title VII of the Civil Rights Act of 1964 (Pub. L. 88-352) ("Title VII"), as amended, 42 U.S.C. § 2000e, et seq.

**PARTIES**

1.      Plaintiff worked as an employee of Swift and was a resident of Colorado during her employment with Defendant.

2.      Plaintiff is a member of a protected class of individuals as defined by 42 U.S.C. § 2000e-2(a)(1). Specifically, Plaintiff is a female who became pregnant during her employment with Defendant. Plaintiff is also an "eligible employee" as defined by 29 U.S.C. § 2611.

3.      Defendant is an employer as defined by 42 U.S.C. § 2000e(b) and 29 U.S.C. § 2611.

4.      Defendant is a foreign corporation registered in Delaware with a principal office located at 1770 Promontory Circle, Greeley, Colorado 80634.

5.      Defendant employed more that fifty (50) employees during Plaintiff's employment.

## JURISDICTION AND VENUE

6.      Jurisdiction is asserted pursuant to the Title VII and FMLA. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331.

7.      This Court has personal jurisdiction over Defendant pursuant to C.R.S. § 13-1-124 because Defendant transacts business in the State of Colorado.

8.      Venue is proper pursuant to 28 U.S.C. §1391(b)(2), as the Defendant conducts business within this District and the acts alleged by Plaintiff occurred in this District.

## ADMINISTRATIVE HISTORY

9.      Plaintiff has timely and properly exhausted her administrative remedies by dual filing an initial Charge of Discrimination alleging, *inter alia*, pregnancy discrimination and retaliation on or about February 10, 2021, with the Colorado Civil Rights Division and the Equal Employment Opportunity Commission ("EEOC"), Charge No. E2100011320 / 32A-2021-00373.

10.      This lawsuit is timely filed within ninety (90) days after Plaintiff's receipt of a Notice of Right to Sue from the EEOC dated February 15, 2022.

**FACTUAL ALLEGATIONS**

11.     Plaintiff incorporates the preceding allegations by reference as if fully stated herein.

12.     Lee began working for Swift on or about October 15, 2018, as a Beef Transportation Accounts Payable Specialist.

13.     Lee performed satisfactorily during her employment with Swift and received positive reviews.

14.     Lee also earned performance-based raises and bonuses in July 2019, and March 2020.

15.     In or about February 2020, Lee met with Rebecca Schoenfeld ("Schoenfeld") in the human resources department to notify Swift of her pregnancy and to discuss leave options.

16.     During this conversation, Lee expressed concerns to Schoenfeld about how she had observed her supervisor, Brett Thomas ("Thomas"), negatively treat other employees who were pregnant.

17.     In March 2020, Lee, along with many other Swift employees, began working remotely due to Covid-19.

18.     Lee informed Thomas that she had concerns with communication among employees and that her reports were being overwritten.

19.     In August 2020, Lee began her maternity leave using FMLA.

20.     While on maternity leave in September 2020, Thomas contacted Lee on several occasions and instructed her to perform work on various reports.

21.     Lee was also unable to complete objective reviews for co-workers while on FMLA maternity leave.

3

22.     On October 19, 2020, Lee returned to work full time, at which point she learned that Thomas had limited her access to her report software.

23.     While at work, Lee needed to take time to pump. During those times, Thomas would make comments such as "kids ruin everything" and "moms can't do anything" when Lee returned from pumping.

24.     Lee expressed her concerns to Swift about the treatment she experienced.

25.     On October 30, 2020, Swift placed Lee on a thirty-day performance improvement plan (PIP) following her review the day before.

26.     Thomas stated one reason for the PIP was that Lee was unavailable during her maternity leave.

27.     On or about November 13, 2020, Swift terminated Lee's employment.

**FIRST CAUSE OF ACTION**
**Interference with Rights to FMLA, 29 U.S.C. § 2615**

28.     Plaintiff incorporates the preceding allegations by reference as if fully stated herein.

29.     Defendant qualifies as an "employer" as that term is defined in 29 U.S.C. § 2611(4), and Lee is an "eligible employee" as that term is defined by 29 U.S.C. § 2611(2).

30.     Lee requested FMLA leave after she notified Swift of her pregnancy pursuant to 29 U.S.C. § 2613.

31.     Defendant approved Plaintiff's leave pursuant to FMLA.

32.     Defendant interfered with Lee's ability to exercise her right to use FMLA by contacting her while on leave and instructing her to perform work on various reports in violation of 29 U.S.C. § 2615(a)(1).

4

33.     Defendant then terminated Lee in retaliation for requesting FMLA in violation of 29 U.S.C. §2615(a)(2) and stated one reason for her corrective action was that Lee had been unavailable during her leave.

34.     As the result of Lee's wrongful termination by Swift, Lee has incurred a loss of wages within the meaning of the FMLA in an amount to be proven at trial. These damages include, without limitation, back pay and lost benefits from the effective date of termination, the loss of front pay as of the date of this complaint, and any interest on the amount thereon as provided in 29 U.S.C. § 2617(a)(1).

35.     Defendant acted in a manner which entitles Plaintiff to liquidated damages as contemplated by 29 U.S.C. § 2617(a)(1).

36.     Pursuant to 29 U.S.C. § 2617(a)(3), Defendant is liable to Lee for reasonable attorney's fees, reasonable expert witness fees, and other costs incurred in the prosecution of this matter.

## SECOND CAUSE OF ACTION
### Discrimination in Violation of Title VII
### 42 U.S.C. § 2000e-2(a)

37.     Plaintiff incorporates the preceding allegations by reference as if fully stated herein.

38.     Swift is an employer as defined by Sec. 2000e(b).

39.     Plaintiff is a member of a protected class of individuals based on her sex and pregnancy as defined by Sec. 2000e-2(a).

40.     Plaintiff was an employee as defined by Sec. 2000e(f) and at all times was qualified to perform the functions of her job.

41.     Swift willfully and intentionally subjected Plaintiff to discrimination by allowing her to be subjected to ongoing discriminatory comments about motherhood and by treating Lee differently because she needed to pump while at work.

42.     Swift's actions resulted in Plaintiff's termination.

43.     Swift knew its actions violated Title VII or acted recklessly indifferent in that regard.

44.     As a direct and proximate result of the foregoing actions and conduct of the Swift, Lee has suffered, and will continue to suffer, economic damages including loss of back wages, front wages, and benefits, as well as non-economic damages including pain and suffering, humiliation, mental anguish, and inconvenience. Lee also seeks attorney's fees, costs and expenses, and other damages to be determined at trial. Lee claims damages for these losses and injuries under 42 U.S.C. §1981a.

### THIRD CAUSE OF ACTION
**Retaliation in Violation of Title VII**
**42 U.S.C. § 2000e-3(a)**

45.     Plaintiff incorporates the preceding allegations by reference as if fully stated herein.

46.     Plaintiff engaged in protected activity by reporting the discrimination that she experienced in the workplace.

47.     Swift altered the terms and conditions of Plaintiff's employment after she reported the treatment she experienced by placing her on a 30-day performance improvement plan and then terminated Lee's employment two weeks thereafter.

48.     Swift's conduct in altering the terms and conditions of Plaintiff's employment is in violation of Sec. 2000e-3(a).

49.     Swift treated Lee differently from employees who did not report allegations of discrimination.

50.     Swift then terminated Lee's employment after she engaged in protected activity.

51.     The effect of these statutory violations was to deprive Plaintiff of rights and privileges enjoyed by persons who have not engaged in activities protected by Title VII.

52.     These statutory violations were intentional.

53.     These statutory violations were willful and wanton, and/or were done with malice or with reckless indifference to Plaintiff's statutorily protected rights.

54.     As a direct and proximate result of the foregoing actions and conduct of the Swift, Lee has suffered, and will continue to suffer, economic damages including loss of back wages, front wages, and benefits, as well as non-economic damages including pain and suffering, humiliation, mental anguish, and inconvenience. Lee also seeks attorney's fees, costs and expenses, and other damages to be determined at trial. Lee claims damages for these losses and injuries under 42 U.S.C. §1981a.

### JURY DEMAND

Plaintiff requests a trial to a jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Rachel Lee prays for judgment against Defendant Swift Beef Company in an amount to be determined at trial, pre-judgment and post-judgment interest, costs

and expert witness fees, attorney's fees, liquidated damages, and for such other and further relief

as provided by statute and that the Court may deem proper.

Dated: May 16, 2022.

Respectfully submitted,

*/s/Andrew C. Quisenberry*
Andrew C. Quisenberry, Esq.
BACHUS & SCHANKER, LLC
101 West Colfax Avenue, Suite 650
Denver, CO 80202
Tel: 303.893.9800
Fax: 303.893.9900
Andrew.Quisenberry@coloradolaw.net

*Attorney for Plaintiff*